IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMMY SPAN,

    Plaintiff,

vs.                                        Case Number 4:05cv63-RH/WCS

CHARLISA WEST, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* in this § 1983 civil rights action, has filed an amended complaint. Plaintiff's amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff has alleged that Defendants, two prison officials at Plaintiff's current institution, and the Secretary of the Florida Department of Corrections, have violated his constitutional rights by keeping him in prison beyond the maximum length of his sentence. Doc. 7. Plaintiff seeks monetary damages as relief. *Id.* Despite a prior court order directing Plaintiff to clarify his claims, doc. 6, Plaintiff has provided little clarification. Nevertheless, it is obvious that this civil rights case fails to state a claim upon which relief may be granted and should be dismissed.

Plaintiff has attached to his amended complaint the judgment and sentenced issued by the Fifth Judicial Circuit Court on February 26, 1975. Doc. 7. The court imposed a sentence of life for Plaintiff's second degree murder conviction. Plaintiff's assertion in the amended complaint, therefore, that he is confined beyond a maximum 30-year sentence length appears to be in error.

As to the specifics of Plaintiff's claim, it is noted that Plaintiff has attempted to allege a claim against Defendant West, his classification officer, because Plaintiff asserts that Defendant West failed to provide certain program certificates to the Florida Parole Commission such that the agency could release Plaintiff. Ignoring for present purposes that such a claim is essentially a habeas attack on Plaintiff's incarceration that cannot be brought in a civil rights action, Plaintiff nevertheless fails to state a claim. There is no constitutional right to have a correctional officer take action on Plaintiff's behalf to parole officials or make recommendations for his release. *See* doc. 7. Moreover, Florida law directs that the Department of Corrections shall maintain records "as complete as practicable on every person who" may be released and that statute does not require progress reports be maintained. Fla. Stat. § 945.25(1). Indeed, the statute gives the Department discretion as to what records should be kept other than the six specific types of records. *Id.* Plaintiff does not allege that any of those records were not provided to the Commission.

Plaintiff's claims against Defendant Patterson, the assistant warden, similarly fails because it is derives from Plaintiff's claims against Defendant West. Plaintiff asserts that Defendant Patterson "did not investigate classification officer for not

reporting plaintiff programs certificates nor Pride of Florida on job training four years transitional housing center to stay and work." Doc. 1. Plaintiff has not provided a basis for liability against this Defendant and the amended complaint should be dismissed.

Finally, as for Plaintiff's claim against Defendant Crosby, the Secretary of the Department of Corrections, Plaintiff has not shown how this Defendant was involved in any of his allegations. This Defendant has no involvement in these events as Plaintiff merely alleges that the Secretary's representative did not properly respond to Plaintiff's grievance appeal.

A civil rights action may not be used to challenge the length of one's incarceration as such a claim is solely within the province of habeas corpus petitions. Preiser v. Rodriguez, 411 U. S. 475 (1973); Heck v. Humphrey, 512 U. S. 477 (1994). Thus, regardless of whether or not Plaintiff could amend his complaint to present any constitutional violation against any Defendant, this action still could not proceed. Plaintiff's claims imply the invalidity of either the state court's sentence imposed in 1975 or on a decision to not grant Plaintiff parole release. Any relief due Plaintiff must be pursued through habeas relief.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2005.


 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**